UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Grant Douglas Shirley, ) C/A No. 9:10-2632-CWH-RSC
)
        Plaintiff, )
) **REPORT AND RECOMMENDATION**
vs. )
)
South Carolina Family Court; Judge Peter )
Fuge; Mr. Robert Bennett; and Mr. )
Richard Peacock, )
)
        Defendants. )
_____)

## Introduction

Grant Douglas Shirley ("Plaintiff"), proceeding *pro se*, brings this civil action alleging a federal question under the "Federal drug testing manual."[1] Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff seeks money damages and certain injunctive relief because Defendants violated Plaintiff's rights. The Complaint should be dismissed for failure to state a claim on which relief may be granted, immunity, and based on abstention.

## *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(e) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

1

review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978). The Complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B). A finding of frivolity can be made where the Complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* Complaint is subject to summary dismissal. The mandated liberal

2

construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

It appears that Defendant Judge Peter Fuge of the Beaufort County Family Court ordered Plaintiff to have a drug test performed in connection with Plaintiff's request to have visitation rights with his infant daughter. Plaintiff alleges that the person who performs the drug tests for the Beaufort County Family Court is Defendant Bennett, and Plaintiff's test results performed by Defendant Bennett were "inconclusive" which "cost me my right to visitation of my infant daughter." Plaintiff alleges that "[f]amily courts throughout South Carolina have prearranged agreements with Mr. Bennett to specifically and exclusively conduct

drug testing." Defendant Bennett allegedly "has no formal training or certifications that qualifies him in any area he claims expertise." Allegedly, Defendant Bennett's "pharmacist certification expired in April of 1999. He holds no certification in toxicology, forensics, nor does he qualify as a Medical Review Officer." Plaintiff alleges that "these practices violate Federal drug testing manual; page two concerning the M.R.O." Plaintiff seeks $10 million in punitive damages, and he seeks to have Defendant Bennett "fined and no longer be allowed to line his pockets at the expense of the people of South Carolina ordered to (sic) his services."

Plaintiff's exhibits to the Complaint show that Defendant Peacock is the guardian ad litem in the family court proceeding and that Defendant Peacock apparently requested that Plaintiff submit to drug testing. The exhibits show that Plaintiff was apparently required to pay $415 for Defendant Bennett's drug test, and the test results were "inconclusive." When Plaintiff was asked to submit to a second drug test to be performed by Defendant Bennett, Plaintiff allegedly refused because of the cost and because he believed that Bennett's test results were "obviously faulty." Plaintiff apparently went to a Doctor's Care facility and had a drug test performed, but allegedly Defendant Peacock refused to accept the drug test results from Doctor's Care. Plaintiff believes that Defendants Peacock and Bennett are "making a fortune

4

with the help of the family court at the expense of the people subjected to this policy. Inconclusive results keep Mr. Bennett and Mr. Peacock job security." Plaintiff asserts that, "[w]hat began as a loving father's plea for the chance to have a natural healthy relationship with his own daughter has become a money oriented exercise in extortion by this court [the State family court], Mr. Bennett, and Mr. Peacock."

Discussion

I. Federal Question.

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Because federal courts have limited subject matter jurisdiction, there is no presumption that the Court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999). Accordingly, a federal court is required *sua sponte* to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset

of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). If the Court, viewing the allegations in the light most favorable to Plaintiff, finds insufficient allegations in the pleadings, the Court will lack subject matter jurisdiction. *Id.*

Generally, a case can originally be filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332[2] or if there is so-called "federal question" jurisdiction under 28 U.S.C. § 1331. Plaintiff attempts to allege a federal question based upon a violation of the "Federal drug testing manual; page two concerning the M.R.O." Although Plaintiff does not specifically cite the pertinent manual, this Court believes that Plaintiff may rely on 49 C.F.R. § 40.121, which is a federal regulation related to the Department of Transportation ("DOT") and which governs procedures for qualification of Medical Review Officers. It appears that a Medical Review Officer may administer and review DOT-mandated drug tests. *Id.* A federal court has held that the Secretary of Transportation's drug testing policy for employees of the Department of Transportation "while containing greater detail than is necessary for most employers, provide a useful reference for the relevant considerations when seeking to ensure accurate and confidential drug testing." *See Crager v. Bd.*

---

[2] Although Plaintiff's legal causes of action are unclear, he does *not* allege the existence of diversity.

*of Educ. of Knott Co.*, 313 F.Supp.2d 690, 698-700 (E.D. Ky. 2004) (where a teacher challenged a public school's policy of suspicionless drug testing, the court examined whether the drug testing procedures comported with the Chapter 49 of the C.F.R. and found the policy was constitutionally permissible). However, this Court does not believe that the DOT federal regulations pertaining to drug testing provide for a direct private right of action to Plaintiff. *See Bertrand v. Yellow Transp., Inc.*, No. 3:08-01123, 2009 WL 3169822, *5 (M.D. Tenn. Aug. 14, 2009) (finding that Plaintiff's claims under 49 CFR Part 40 did not provide a private cause of action), *adopted by*, 2009 WL 3169821 (M.D. Tenn. Sept. 30, 2009). *Cf. Drake v. Cappelle*, No. 02-1049(SBC), 2005 WL 670755, *4 (D.D.C. March 22, 2005) (explaining that Plaintiff could not bring a private right of action against Delta Airlines for violating FAA drug testing regulations). Plaintiff alleges that he is a father involved in a State family court proceeding. He does not allege how the DOT federal regulations apply to him or to the State family court. Plaintiff does not allege that Defendant Bennett's business operations are governed by 49 C.F.R. § 40.121 or any other federal regulation. Therefore, this Court cannot discern how Plaintiff can state a cognizable federal question claim based upon an alleged violation of 49 C.F.R. § 40.121, and thus, this Court lacks subject matter jurisdiction.

If Plaintiff is attempting to bring a claim pursuant to 42 U.S.C. § 1983, Plaintiff must allege two essential elements: (1) that a right secured by the Constitution[3] or laws of the United Sates was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). In his attempt to satisfy the first element of a § 1983 claim, Plaintiff alleges that Defendants violated the "Federal drug testing manual; page two concerning the M.R.O." For a plaintiff to bring a claim pursuant to 42 U.S.C. § 1983 to enforce a federal law, the Court must discern whether that federal law created a private individual right; the inquiry requires "a determination as to whether or not Congress intended to confer individual rights upon a class of beneficiaries." *See, e.g., Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002) (holding that the nondisclosure provisions of the Family Educational Rights and Privacy Act ("FERPA") are *not* enforceable under § 1983); *Kreuter v. Reuter*, No. 01-CV-5229(NGG), 2002 WL 31946715, *7 n.7 (E.D.N.Y. Dec. 5, 2002)(finding that, as a matter of law, a claim under § 1983 for alleged violations of FTA regulations, administrative federal regulations, did not give rise to a private cause of action), *aff'd* 75 Fed.Appx. 55 (2nd Cir. 2003). "'[R]ights, not the broader or vaguer 'benefits' or 'interests'

---

[3] Liberally construing the Complaint, Plaintiff does not allege that his constitutional rights have been violated.

8

[are to] be enforced under the authority of [§ 1983].'" *Doe v. Kidd*, 501 F.3d 348, 356 (4th Cir. 2007). The undersigned cannot discern a right under 49 C.F.R. § 40.121 that Plaintiff could enforce pursuant to § 1983.

II. <u>Immunity.</u>

If Plaintiff somehow did state a cognizable claim under § 1983, Defendants South Carolina Family Court and Judge Peter Fuge should be summarily dismissed. Judge Fuge is alleged to be a State family court judge. Judges have absolute immunity from a claim for damages arising out of their judicial actions unless they acted in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987) (a suit against two Virginia magistrates); and *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). "Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity." *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005). "'This immunity applies even when the judge's acts are in

error, malicious, or were in excess of his or her jurisdiction.'" *Id.* (citation omitted). State and federal judges are also immune to requests for injunctive relief. *See Gilbert v. Ferry*, 298 F.Supp.2d 606, 612 (E.D. Mich. 2003), *aff'd* 401 F.3d 411 (6th Cir. 2005); *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000). *See also* 42 U.S.C. § 1983 (limiting when injunctive relief may be granted against a judicial officer). Defendant Fuge's alleged Order that Plaintiff submit to Defendant Bennett's drug testing and alleged denial of Plaintiff's Motion for Reconsideration were actions taken as part of his normal judicial functions as a family court judge. Defendant Fuge's actions were not taken in the clear absence of all jurisdiction.

To the extent Plaintiff's naming the "South Carolina Family Court" as a Defendant is an attempt to sue the State of South Carolina for money damages, such a claim is barred by the Eleventh Amendment. "State sovereign immunity is a bedrock principle of 'Our Federalism.'" *Virginia v. Reinhard*, 568 F.3d 110, 115 (4th Cir. 2009) (citation omitted). When the States entered the Union they consented to a system of dual sovereignty and did not agree to become mere appendages of the Federal Government. *Id.* The Eleventh Amendment to the United States Constitution reflects the foundational principle of sovereign immunity because it divests this Court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a State

agency or department. *See Id.* The Eleventh Amendment provides, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." *See, e.g., Fed. Maritime Comm. v. South Carolina State Ports Auth.*, 535 U.S. 743, 747 (2002). *See also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens). Under *Pennhurst State Sch. & Hosp.*, a State must expressly consent to suit in a federal district court. *Id.* The State of South Carolina has not consented to suit in a federal court. *See* S.C. Code Ann. § 15-78-20(e) (1976) (statute expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State). Therefore, Defendant South Carolina Family Court should be summarily dismissed.[4]

---

[4] Defendant South Carolina Family Court should also be dismissed because it is not a "person" subject to suit under § 1983. Inanimate objects such as buildings, facilities, and grounds cannot act under color of state law. *See Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.").

If Plaintiff somehow alleged a § 1983 claim against Defendant Peacock, the guardian ad litem, he should be dismissed from this action based upon quasi-judicial immunity. A guardian ad litem who acts within the scope of his guardian ad litem duties in a family court case is entitled to absolute quasi-judicial immunity. *See Falk v. Sadler*, 533 S.E.2d 350, 353-355 (S.C. App. 2000); *Fleming v. Asbill*, 483 S.E.2d 751 (S.C. 1997). Here, Defendant Peacock is alleged to have requested drug testing from Plaintiff and also refused to accept a drug test performed by Doctor's Care. It is alleged that the South Carolina Family Courts required that Defendant Bennett perform the drug test. Thus, Defendant Peacock's alleged actions were taken within the scope of guardian ad litem duties and pursuant to court direction, so Defendant Peacock should be entitled to immunity from this action.

III. <u>Abstention.</u>

To the extent Plaintiff seeks to overturn a State family court Order which requires that he submit to a drug test to be performed by Defendant Bennett, *Younger* abstention should apply. This federal action appears to relate to an ongoing State family court proceeding where Plaintiff seeks visitation rights with his daughter. In *Younger v. Harris*, the Supreme Court held that a federal court should not interfere with ongoing state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir.

1996). The Supreme Court has made clear that *Younger* abstention applies "as well 'to noncriminal judicial proceedings when important state interests are involved.'" *Harper v. Pub. Serv. Comm'n of West Va.*, 396 F.3d 348, 351 (4th Cir. 2005). The area of family law lies at the heart of state sovereignty. *Id.* at 354. From *Younger* and its progeny, the Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). Plaintiff can raise all of the issues he asserts in this case before the family court and, if necessary, during an appeal to the State appellate courts. This will give the State courts the opportunity to review the family court's drug testing procedures. Plaintiff should have an adequate opportunity to raise any constitutional claims in the State court proceedings. Accordingly, even though abstention doctrines are rare exceptions to a federal court's duty to exercise the jurisdiction conferred upon it, *Martin v. Stewart*, 499 F.3d 360, 363 (4th Cir. 2007), in this case the Court should abstain from deciding this lawsuit based upon *Younger* abstention.

13

Recommendation

It is recommended that the District Court dismiss this action *without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). **Plaintiff's attention is directed to the important notice on the next page.**

                                        Robert S. Carr
                                        United States Magistrate Judge

November 30, 2010
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).