## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## BEAUFORT DIVISION

| | | |
|---|---|---|
| Grant Douglas Shirley, | ) | Civil Action No.: 9:10-2632-CWH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| South Carolina Family Court; | ) | |
| Judge Peter Fuge; Mr. Robert Bennett; and | ) | |
| Mr. Richard Peacock, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The plaintiff, Grant Douglas Shirley, proceeding pro se, brought this civil action against the above-named defendants, in connection with being ordered to undergo drug testing prior to having visitation rights with his infant daughter. The plaintiff claims a federal question exists under the "Federal drug testing manual," and seeks money damages and certain injunctive relief because the defendants allegedly violated his rights.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d), D.S.C., this matter was referred to a United States magistrate judge for pre-trial proceedings and a report and recommendation. On November 30, 2010, the magistrate issued a comprehensive and well-reasoned report recommending that this matter be dismissed without prejudice and without issuance of service of process because (1) the plaintiff failed to state a claim upon which relief may be granted; (2) the defendants South Carolina Family Court and Judge Peter Fuge were entitled to immunity; and (3) Younger abstention applied. See Younger v. Harris, 401 U.S. 37 (1971). (Docket Entry # 13). The magistrate judge advised the plaintiff of the procedures and

requirements for filing objections to the report and the serious consequences if he failed to do so. The plaintiff did not file any objections to the report, and the time for doing so has expired.

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See Mathews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the report of the magistrate judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter to the magistrate judge with instructions. See 28 U.S.C. § 636(b). In the absence of an objection, the Court reviews the report only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (citation omitted).

After reviewing the record of this matter, the applicable law, and the report and recommendation of the magistrate judge, the Court agrees with the conclusions of the magistrate judge. Accordingly, the Court adopts and incorporates the report and recommendation by reference in this Order. The plaintiff's complaint is dismissed without prejudice.

**AND IT IS SO ORDERED.**

**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

December 2l, 2010
Charleston, South Carolina